THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **TRAILHEAD ENGINEERING LLC,** | § § § | Case No. 18-32414 |
| | § | **(Chapter 7)** |
| DEBTOR. | § § | |

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF VEHICLE AND SATISFACTION OF LIEN THEREON

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers, chapter 7 trustee (the "Trustee") of the estate of Trailhead Engineering LLC (the "Debtor"), files this *Motion for Order Authorizing Sale of Vehicle and Satisfaction on Lien Thereon* (the "Motion") and respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Motion are §§ 105(a) and 363 of title 11 of the United States Code ("Bankruptcy Code").

## CASE BACKGROUND

4. On May 3, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code thereby commencing the Chapter 7 Case.

5. The United States Trustee appointed Ronald J. Sommers as the chapter 7 trustee for the Debtor's estate on the Petition Date.

## PROPOSED SALE

6. The Debtor's estate includes a 2012 Jeep Grand Cherokee Overland Edition with 86,000 miles (the "Vehicle").  The Vehicle is currently located in Utah.

7. The Vehicle is in fair condition, though it was involved in a minor accident and has a broken passenger mirror and a malfunctioning door hinge.  The Kelley Blue Book estimated value of the Vehicle is approximately $11,000.00.

8. Because the Debtor is liquidating, it has no need for the Vehicle.

9. Tom Gardner, an individual, has offered to purchase the Vehicle on an "as-is, where-is" basis for $10,000 cash.

10. The Trustee believes the Vehicle is subject to a lien in favor of TD Auto Finance and is in the process of determining the amount of such secured claim.  On its Schedule D, the Debtor stated that the amount of TD Auto Finance's lien as of May 3, 2018 was $4,713.00.  ECF No. 1 at 18.

11. The Trustee proposes that the lien attach to the proceeds from the sale of the Vehicle and that he be authorized to satisfy the lien with the proceeds from the Vehicle's sale.

**RELIEF REQUESTED**

12.     Pursuant to 11 U.S.C. § 363, the Trustee respectfully requests the Court enter an order substantially in the form attached hereto authorizing the Trustee to sell the Vehicle and satisfy TD Auto Finance's lien with the sale proceeds.

**BASIS FOR RELIEF**

13.     A trustee may sell, after notice and a hearing, a debtor's assets outside the ordinary course of business.  11 U.S.C. § 363(b)(1).  Generally, to obtain approval of a proposed sale of assets, a trustee must "satisfy its fiduciary duty to the debtor, creditors and equity holders, [by articulating some] business justification for using, selling, or leasing the property outside the ordinary course of business."  *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

14.     Selling the Vehicle to Mr. Gardner is the most efficient way to maximize values for the Debtor's estate.  First, selling to Mr. Gardner allows the Trustee to avoid having to pay auction commissions, which range from between 10% and 35% of the ultimate sale price.  Further, many auctioneers charge additional fees for maintaining or storing items.  The Trustee will not have to pay those fees when selling to Mr. Gardner.  Second, selling to Mr. Gardner will result in an immediate cash infusion to the Estate.  Third, the Vehicle is located in Utah, and Mr. Gardner has agreed to take possession of the Vehicle after its sale, allowing the Trustee to avoid transportation costs.  Fourth, the Trustee believes that the $10,000 is reasonable considering the Vehicle's Kelley Blue Book value, the circumstances of this Chapter 7 Case, and the condition of the Vehicle.

15.     The Trustee should also be authorized to pay TD Auto Finance's lien because the sale proceeds will be sufficient to satisfy the lien.

16. Thus, in the Trustee's business judgment, selling the Vehicle to Gardner will result in the best recovery for the Debtor's estate and its creditors and should be approved under § 363.

## CONCLUSION

17. Accordingly, the Trustee respectfully requests that the Court enter an order, substantially in the form of the proposed order attached to this Motion, authorizing the Trustee to sell the Vehicle to Gardner and satisfy the lien thereon with proceeds from the sale.

Dated: May 11, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Michael D. Fritz*
Kyung S. Lee
TBA No. 12128400
klee@diamondmccarthy.com
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel for Ronald J. Sommers, Chapter 7 Trustee for Trailhead Engineering LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 11, 2018, a true and correct copy of this Motion was served on all parties registered to receive service through the CM/ECF system.

*/s/ Michael D. Fritz*
Michael D. Fritz

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **TRAILHEAD ENGINEERING LLC,** | § | Case No. 18-32414 |
| | § | |
| | § | (Chapter 7) |
| **DEBTOR.** | § | |
| | § | |

**ORDER AUTHORIZING SALE OF VEHICLE
AND SATISFACTION OF LIEN THEREON**
(This Order relates to ECF No. [●].)

The Court, having considered the Trustee's *Motion for Order Authorizing Sale of Vehicle and Satisfaction on Lien Thereon* (the "Motion"),[1] any responses to the Motion, the statements of counsel, and the record in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion and hearing hereon has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for the granting of the relief requested. Therefore, it is **ORDERED** that:

1.  The sale of the Vehicle by the Trustee to Mr. Tom Gardner for $10,000 cash is hereby APPROVED and Mr. Gardner is directed to pay the Trustee $10,000 for the Vehicle, which Vehicle shall be sold free and clear of all liens, claims and encumbrances, and the lien and security interest of TD Auto Finance shall attach to the $10,000.00.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2. The Trustee is authorized to satisfy the lien in favor of TD Auto Finance with the proceeds from the sale of the Vehicle.

3. The Trustee and Mr. Tom Gardner are authorized to take any actions reasonably necessary to effectuate the relief granted by this order, including but not limited to executing tile transfer documents, bills of sale, and/or similar documents.

4. The Court retains jurisdiction to hear and determine all disputes arising from or related to the implementation, interpretation, or enforcement of this order.

Dated: _____, 2018

_____
**UNITED STATES BANKRUPTCY JUDGE**